1452-56 United States of America v. Dennis Hodge Oral Argument Not to Exceed 15 Minutes per Side Mr. Gennari for the Defendant Appellant Morning May it please the court I'm David Gennari and along with Phil Lawson we represent the Appellant Dennis Wayne Hodge. We've requested five minutes for rebuttal this morning. The case this morning before the court involves a guilty plea and an issue arising out of sentencing from the Eastern District of Kentucky. My client Dennis Hodge was initially indicted for in a two count indictment. One count of guilty to receiving child pornography and the possession count was dismissed. At issue was a finding by the probation office under 2G2.2B1 that said Mr. Hodge because his conduct was limited to the receipt or solicitation of the explicit material and because he did not intend to traffic in or distribute such material he was entitled to a two level decrease from the base offense which would have made his base offense level a 20 rather than a 22. The government objected prior to sentencing arguing that Mr. Hodge's conduct was not limited to merely the receipt or solicitation arguing that Hodge's conduct also included the production of child pornography which involved the tape recording of his stepdaughter both getting out of the shower, putting a towel on and then in her bedroom taking the towel off and attempting to dress. It was that alleged attempt at production that the district judge found qualified as conduct beyond mere solicitation or receipt and therefore took Mr. Hodge outside the guideline that would otherwise provide for a two level reduction. We believe... The final sentence actually fit in between both areas, right? Both ranges. If you were to do a guideline calculation range with the two level reduction the sentence would have been up towards the high end of that, yes Judge Seiler. High end of what? Yes. Instead he got a mid range with the two level reduction. It would have been a high range had he not gotten the two level reduction. That's my recollection. Why wouldn't any error be harmless? Well I think the issue here is the advisory guideline range that Judge Van Tatenhove was looking at and then based upon all the 3553 factors Judge Van Tatenhove thought that a guideline range within the midpoint based upon his total offense level was in fact a sentence sufficient but not greater than necessary. I submit to the court that had Judge Van Tatenhove believed he was entitled to the two level reduction that his determination about what would be a sentence sufficient but not greater than necessary to achieve the ends of justice would be a sentence at the midpoint of a advisory guideline range two levels lower than where he sentenced Mr. Hodge. What is your best case to show that this was error? I think the best case to show that it's error in addition to just the plain language of section 1B1.3, I don't think there's a dispute that 1B1.3 which is the guideline provision detailing what is relevant conduct in terms of items that aren't part of the offense of conviction, the plain language says that you do consider all acts and omissions that occurred during the commission of the offense. There are several cases that have interpreted this, right? Well the Fowler case, which is a 5th Circuit case, has said that, and that was a case involving transmission, that was a case that involved transmission and then alleged other conduct and the Fowler case said because the alleged other conduct there was no evidence that occurred at the precise time of the sending of it that it's not relevant conduct, it doesn't meet the definition of 1B1.3. Frankly, the Dunlap case, the Stulak case, and the Nance case, which come from various circuits all hold for that same thing. The reason in two of those three cases the defendant was not entitled to the reduction is because the uncharged conduct was possession rather than, in this case Judge Van Tatenhove found that there was this alleged, this attempt at production. Production is different than possession. This other conduct of taking a picture of his stepdaughter, I think that's what she was, Sir Petitius taking of this, wasn't that a state violation? They were investigating it as a voyeurism charge, it did not end up being, it did not end up proceeding through to any kind of formal prosecution. But we don't need to have a formal prosecution, do we? Well, it's still conduct that has to occur at the same time though. Whether it's state court voyeurism, whether it's federal court attempted manufacturing, absent evidence that it occurred at the same time of the offense of conviction, which is receipt, and receipt occurs at a very discreet moment in time, not much like the exact same as transmission. Is possession a lesser included offense of receipt? The way those are handled, Judge Moore, is you have, they're all in 2252, 2252A2 is either receipt or production, 2252A4 is possession. They do have different statutory penalties. Possession has a lower statutory penalty than does receipt. The case law would suggest that the sentencing commission, because they felt it was somewhat, there was a disparity in treating receipt the same as production, that's why they have this two-level reduction in 2G2.2, because they wanted to bring receipt more in line with possession. Possession is a base offense level of 18, whereas receipt's a base offense level. But isn't possession a lesser included offense of receipt, or are you saying no, it is not? In a sense of a guilt, innocence phase at a trial, honestly, Judge, I hadn't given that consideration. It would make sense. You can't receive something without also possessing it at the same time. Right. And wouldn't there be double jeopardy if you were convicted of two counts, one of receipt and one of possession of the very same one single video? That would seem to be consistent with my understanding of the double jeopardy law. It's also consistent, Your Honors, with the fact that it doesn't make sense in this situation to disqualify him for the two-level reduction because of a lesser included offense or because of an offense. What I'm getting at is that the possession goes over a longer period of time, and your emphasis on 1B1.3 about having to be at the same time, which you're getting from the trailing portion of 1B1.3A1. That's correct, yes. If possession is occurring over the whole month of October, and the production was occurring in October, then you wouldn't have a problem of timing. Well, you wouldn't, and that's why in Stulock and Nance, the appellants there weren't entitled to the instruction. But I don't want to concede that we have separate possession here. Yes, the possession, which is the offense of conviction, certainly he pled to receipt. Obviously he possessed the same things he received. But the videotape, in order for it to be possession of child pornography, it has to first qualify as child pornography. And in the reply brief, we have set forth the definition of sexually explicit conduct, which is set out in 18 U.S.C. 2256-2B. And based upon what we know from this record, which is it's a picture of a 15-year-old exiting the shower, putting a towel on, then in the bedroom, just roving with the towel and getting dressed, that just doesn't meet the definition of the graphic or simulated lascivious exhibition of the genitals or pubic area. But couldn't it be attempted production of child pornography? Why else would a stepfather be filming separately his naked stepfather? I think that's exactly what it would be, attempted production. But then we've got our timing issues. Did the attempted production occur at the same time that the receipt occurred? And there's no evidence of that. Chances are that it's unlikely that that occurred. So that assumes, as I was indicating, that this trailing phrase in 1B1.3A1 applies. But why couldn't this be under 1B1.3A2? Because to be under A2, Your Honor, it's an offense that would normally have to group and production and receipt would not group. Production and possession would group, but production and receipt would not group. So we only get into 2 if we've got offenses that group. And what's your best source for saying that production and receipt don't group? It's in Section 3D of the guidelines, and I believe we've cited that in our reply brief, Your Honor. Now suppose, I know that the district judge and everyone at the sentencing was focusing on production, but what if this were considered a Kentucky crime of voyeurism? It has to occur at the same time. Voyeurism is the videoing, not possession. If it were, there is a Kentucky crime for possession of obscene matter, but we're going to run into the same definition of the lewd and lascivious display of the genitals of the pubic area. Do we know the exact time of the receipt? The indictment says in October of 2011. They did not cite either in the indictment or in the plea agreement itself a precise moment. It says in October. It usually does, Your Honor, say on, but this time it says in October of 2011. When did this video take place? The stepdaughter found it the same day of the search warrant, so we can only know from the record we have that it occurred on that day or prior to that day, October the 11th, the day of the search. So is the fundamental problem for the government, in your view, that they accepted a plea bargain to receipt? They did. Rather than a plea bargain to the other count, which is possession of the very same stuff on the computer. It's the problem for the government in this appeal, but it's not really a problem for the government in this case because he goes for receipt, he starts at level 22. If he gets the two-level reduction, which we believe he's entitled to, he's at level 20. If they had given him a plea to possession, he'd be at a level 18. So yes, it is a big problem for the government in this appeal, but in the prosecution of this defendant, in the goal of achieving justice and getting a sentence which is sufficient but not greater than necessary, it's not a problem for the government. They got the more appropriate sentence, the higher sentence. So I realize that your red light is on, but one last question. How can you justify your client getting the two-point reduction here when in 4 there was not a reduction of two points that was granted? 4, your honor, is the case where the defendant not only pled guilty to receipt, but pled guilty to trafficking, distribution, which on its face takes you outside of the guideline. In order to qualify, you not only have to start at a level 22. You don't qualify if you're already at level 18, so you've got to start at 22. Your conduct has to be limited to receipt or solicitation, and you cannot have intended to traffic or distribute. In that, in 4, the defendant not only intended to traffic or distribute, he pled guilty to trafficking or distributing. I have one further question. I'm struggling a little bit with looking at the 1B1.3 relevant conduct. Isn't part of your argument that you don't reach that, that it's the language of 2G2.2B1 that governs? Am I misunderstanding the key being the C part of B1 that the defendant did not intend to traffic in or distribute such material? Is it your argument that because the filming is not such material, it is not what was on the computer, then it is, he qualifies for the two-level reduction? Well, I think you do make a good point that C relates to the material that is the offense of conviction. In this case, what was received. Now, where 1B1.3 becomes important here is because of the attempted production or the taping, the videotaping in the shower and in the bedroom. In order, because that's not an offense of conviction, in order for it to, the government is wanting to say, and the district court found that the defendant's conduct in part B, the defendant's conduct was limited to the receipt or solicitation, the government doesn't believe and the district court didn't find that the defendant's conduct was so limited because of the attempted production. And you've got to look to 1B1.3 to determine whether or not that uncharged conduct is appropriate when deciding the application of 2G2.2. Okay. Thank you. Thank you. We'll give you your rebuttal time. Thank you. Good morning, Your Honors. May it please the Court. Adam Reeves on behalf of the United States. I'd like to begin by, I think, answering the last question that was just asked of the appellant and that's, what is the material or conduct that's concerned in 2G2.2B1? There I think we can look to the Fifth Circuit's decision in Fowler, which of course the appellant relies upon, but also the Eleventh Circuit's decision in Golubow, where there, there was a very direct conflict as to how to define the conduct that is concerned with the reduction and there, the majority opinion found that that conduct was defined by the definitions of relevant conduct provided in the guidelines at 1B1.3A1 and 2. But this Court has not made that determination, is that correct? Not so clearly, Your Honor. It hasn't. However, I think the use of the term conduct very clearly refers to elsewhere in the guidelines where you talk about the offense conduct, which is defined not only as charged conduct, but also as relevant conduct. And I would submit that even the appellant agrees by virtue of their reliance upon Fowler, where it very, excuse me, very explicitly held that conduct concerned with the reduction includes your relevant conduct. Now. Your opposing counsel also argues that that would give you the ability to bring any conduct. I mean, if that is the correct definition, then it is not even limited to conduct that is concurrent and of a like nature to what the charge is. So is it your position that that means you can just bring in anything? Not at all, Your Honor. In fact. Then how, what is the basis on which you make that distinction? How do you tie that to language? And this was the dissent's concern in Galuba. Yes. There are two responses, two limitations that we can see on the definition of relevant conduct that need not even reference the terms of the reduction itself. The first is the limitation that we see in the Seventh Circuit's decision in Ellison, where there it's looking at conduct that occurred simultaneously. And theoretically, and just as the district court here at sentencing surmised, it could include, say, the possession of a handgun in response or in connection with a child pornography offense. But in Ellison, the majority said, or the opinion said, look, this conduct has to be wholly unrelated for it to fall outside of what can occur at the same time. And secondly, I would say that the limitation on relevant conduct for the purposes of the reduction is found very specifically in the terms of how this court has defined what satisfies relevant conduct under 1B1.3A2. That's the common course of conduct or series of related offenses. And how does that relate to the explanation that was given for creating this reduction of two points? The commentary explanation that you had possession and you had everything else, and in fact, simple receipt is an intermediate step that is appropriate and necessary. It seemed to me that that was what the commentary was getting to, was that we've got these two levels, and in order to make us in accord with the way we otherwise sentence, you needed that back step by reducing the two levels and making that a simple receipt kind of claim. How does the commentary not tell us what this means and how it should be applied? Well, Your Honor, I think in this case, if we apply, or if we affirm the refusal of the reduction, I should say, it doesn't fall in any way contrary to the congressional intent in developing the guidelines in this way. In this case, this is not the case of simple receipt or simple possession. In this case you admit it's not distribution, it's not trafficking, correct? That's correct, Your Honor. Okay, so what is it that keeps it from falling into the middle category? Well, quite clearly in this case, as we've argued in the brief, Your Honor, and as Judge Seiler suggested with the state voyeurism charge, this conduct is not related to simply going out on the internet and finding pre-existing child pornography. This was the production or the attempted production of child pornography. But do you meet the definition of child pornography in this voyeurism charge? I'm not sure that we have to meet the technical definition of child pornography for this to be considered within the bounds of relevant conduct. I would point the court to two different cases that I think suggest this result. The first is this court's decision in United States v. Schaeffer, where there the court found that even if, for example, the defendant could not have been convicted because the relevant conduct created an offense that was outside the statute of limitations or if there was some technicality or failure of proof, that that wasn't a boundary on what could be considered relevant conduct. I would also point the court to its decision in United States v. Macon, where the court considered state violations to be relevant conduct just as much as any federal violation. And here I think that's particularly pertinent because I think it's a common sense consideration. The defendant's conduct exceeded simply the solicitation or receipt of child pornography. He did something more. He attempted to create it himself. And this is how it gets defined within relevant conduct. I think under either definition at issue here, but perhaps most appropriately under 1B1.3A2, because this was the same type of conduct with the same purpose. The court, I believe in Ellison in the Seventh Circuit, defined it pretty well, where it said the common purpose here was to continue to obtain or indulge in the exploitation of minors, the sexual exploitation of minors. And here, regardless of the methods that Mr. Hodge may have used to obtain child pornography or to attempt to obtain child pornography, the result was the same. His efforts were all linked towards or directed towards obtaining child pornography. And this is where the guidelines in a very sort of common sense way are directed at encompassing the entirety of the defendant's criminal conduct here. Now, your opponent has two arguments that I'd like you to address that would contradict what you're saying. One is that he's apparently arguing that under 1B1.3A2, you have to still have the trailing language from A1 that it's during the commission of the offense of conviction, which is why he's homing in on the receipt being a one-time thing. So that's one issue for you to address. And the second issue that I'm concerned about is what is the state crime? Is it video voyeurism under 531.100? And if that's it, are the requirements for that actually shown here? I'll take your questions in reverse order. I'll take the second one first. There we go. The state crime at issue here, at least, in my opinion, is a violation of KRS 531.090. Yes, Your Honor. And that's using a camera or a recording device for the purpose of observing sexual conduct, genitals, or the nipple of the female breast of another person without that person's consent. Now, again, I'm not sure that relevant conduct requires to show that we've met all of those elements, but I think certainly from a fair reading of the pre-sentence report, those elements are satisfied. But the pre-sentence report just says that the video that the daughter saw involved her stepping out of the shower naked, putting a towel around herself, going to her bedroom, taking off the towel, and being naked again. So how does that meet the actual specific requirements of sexual conduct or genitalia or nipple? We don't know what was in the video. We can, of course, surmise that if the video captured her taking off a towel in full length that it captured one or both of those requirements. And, of course, these are disjunctive, either the genitals or the female breast. It could have been her back. That's possible as well, Your Honor. But I think a fair reading of the pre-sentence report suggests that that conduct is included. Now, regardless of whether this concept... When you say a fair reading, what exactly are you... Well, I would reference the paragraphs 7 and 8. I think... Sorry, I missed your numbers. I apologize, Your Honor. It's Record Entry 275. It's Page... Sorry, Page ID 275. And it's specifically paragraphs 7 and 8. These are the paragraphs that define or that discuss the event. Right. That's exactly the way I described it because I was taking it from there. It says the video contained images of T.A. walking into her bedroom wearing only a towel and taking off the towel to get dressed. And earlier it said exiting the shower naked and wrapping the towel around herself. It doesn't say front or back. That's correct, Your Honor. I would also, however, point the court to the commentary in the guidelines at 1B1.3 where it defines exactly what is relevant conduct because in the initial commentary it indicates that relevant conduct is not always criminal conduct. And I think that's an important distinction to make because, of course, there's a much lower evidentiary burden to show what might constitute committed relevant conduct. But also I think the courts... It doesn't have to be criminal to be relevant conduct? Well, excuse me, convicted conduct. It makes a distinction. Of course, obviously in the case that I cited just a moment ago, Your Honor, Schaefer held that it has to be... You have to be possibly convicted and sentenced to imprisonment for that count to occur. And here I... You couldn't be convicted under that KRS provision if you didn't meet the requirements of it, right? Well, correct. Obviously, if you didn't meet the requirements of the individual elements here. So would a filming of somebody's naked back violate the Kentucky law? I'm not sure that it would, Your Honor. Of course, I can't cite the court to any sort of authority on that. I would, of course, also like to address the initial question you asked. But before you turn to that... Yes, Your Honor. If you're using that as relevant conduct, isn't it your job to show that it qualifies? I mean, you don't get to just say it looks like it might match good enough. We can sentence that way. I'm struggling with meeting that definition because this is not conduct that's lost. This would have been conduct that would have been considered at sentencing anyway, correct? Under 3553? Yes, in the district court. So it's not that this would not have been considered and used in sentencing. The whole question before us is how does it fit in the 18-20-22 levels? Certainly. And I think it's important to note in response, Your Honor, that in this case it's the appellant's burden, the defendant below, to indicate that that reduction is warranted. So they're actually shifting burdens of proof here. First, the defendant must indicate that the reduction is itself warranted. Then theoretically, the United States would return with proof saying, well, no, in fact, it really isn't. They both have to be on the same date because they raised this issue here that didn't show that receipt and this videotaping occurred on the same date. Under the definition of relevant conduct under 1B1.3A2, there's no requirement that the two charged or relevant conducts have occurred on the same day. I think this is the mistake that the appellant makes to suggest that the course of conduct somehow still must occur on the same day as the charged offense or at the same time as defined by the commission of the charged offense. In this case, in fact, I think Goluba is the perfect example of this. I would, of course, also point the court to the Sixth Circuit's decision, a panel of this court, in United States v. Connor. There, the defendant was charged with receiving child pornography, quite a bit of child pornography, and was also included within the relevant conduct for that offense was all of the allegations that the defendant had videotaped a pornographic depiction of his daughter, his minor daughter at the time, who I believe was six years old. There's no discussion, of course, of when exactly that occurred. But the court found that to be relevant conduct that precluded the application of 2G2.2B1 in that case. Goluba, perhaps even better. That one was a case where somebody was convicted of receiving child pornography. There, the relevant conduct that was also included were all of the defendant's acts of solicitation that occurred prior to his receipt of child pornography. There, the defendant in Goluba sent a picture of his private parts to a minor female and engaged in sexually explicit conversations. And just as a panel of this court did in Connor, the majority in Goluba found that that was fairly considered relevant conduct for the purposes of denying the application of 2G2.2B1. And I think that's the same sort of common sense result that should occur here because the second definition of relevant conduct, that course of conduct or series of events by its very nature, contemplates that such conduct would occur at distinctly different times from the charge of conduct. But nevertheless, I beg your pardon. How close it has to be to be relevant? Well, the temporal proximity is one of those factors that's considered when you're looking at whether something is the same course of conduct. But it's one of a few different factors. And of course, the courts in explaining these factors say, well, if you don't have one, the others just have to be stronger. But there's no, as this court mentioned in Henderson, there's no specific temporal requirement for what must be relevant conduct. Here, of course, I think the facts actually get us there because, of course, the defendant admitted to receiving and, as your Honor pointed out, possessing child pornography over the course of the month of October. And here, I think we can limit that time period up until the 11th, between the 1st and the 11th, just given the factual circumstances that are articulated in the PSR. And what we also know is by looking at paragraphs 7 and 8 of the pre-sentence report, we see that the minor victim rewound the videotape. And this is interesting because, obviously, the attempted production, and I see that my time is now up, your Honor, if I may. Yes. The attempted production was occurring at the time that the minor victim found the video camera. But when the minor victim rewinds that video camera, this is how we know that it was Mr. B's historical evidence, if you will, that he had been taping her previously. And that suggests that the attempted production or the completed production had occurred all the way up until that time and occurred, if not simultaneously, with the instant of receipt. It occurred contemporaneously, I think, for the purposes of 1B1.3A1. But even if we don't satisfy that, I think this case can be resolved by looking at the definition of relevant conduct in 1B1.3A2. Thank you, Your Honor. And you're arguing, then, that under A2, you do not incorporate the trailing phrase from A1, even though there is the reference in A2 to subdivisions A1A and A1B. That's correct, Your Honor. I think the cases simply don't interpret the course of conduct to require such a strict temporal proximity to the offensive conviction, Your Honor. And what's your best case? Is there a case in the Sixth Circuit that takes that position? I think the court's explanation of relevant conduct in Henderson makes that clear, outside of this circuit, of course. And I would, of course, point the court to Connor, which I think dealt with these very similar facts, particularly. But also at Goluba and the other cases that deal with the possession and temporally separate relevant conduct. Thank you, Your Honor. Thank you. Thank you. With respect to relevant conduct, 1B1.3, a, little a, number 1, and then capital A and capital B, the guideline can't be more clear, that occurred during the commission of the offense. Well, if we were talking about conspiracy to traffic and drugs, or if we were talking about other criminal conduct, such as wire fraud or bank fraud, things that occur over long periods of time, well, sure, there doesn't have to be a precise temporal proximity. But we're talking about an offense such as receipt of child pornography. But your opponent's arguing we're under A2. Well, the problem that the government has by trying to go under A2, Your Honor, is it only applies if the offense is group. So they can't use attempted production under A2, because under 3D1.12, production and receipt don't group as a matter of law. They're in the different sections. If it were viewed as the Kentucky voyeurism offenses, would it group? Well, you're not going to group a state court conviction with a federal offense. But it says of a character, which would require grouping. It doesn't say which do require grouping. Well, the voyeurism would be very akin to the production. The voyeurism would be very akin to the production. So I don't think that, I don't think, and it. Where would we go? What case would we go to decide whether it's of a character that would require grouping? The difficulty here is, at least at the trial court, we were all talking about this, the videotaping, we were all focused on the attempted production. We went into the sentencing hearing with the burden of proof on the government, because the probation office had found he qualified. So it, I'm sorry I don't have a great answer, Your Honor, but it was the government's burden to establish that in this record. But I think whether we're talking about it under a state court offense, or we're talking about it under attempted production that would violate the United States Code, we're in, we got to have the same exact temporal time. If they wanted, if they wanted. Right down to the day. Well, when it's an offense that occurs, I mean, it's a snapshot. You receive, and then the offense is complete. It's not an ongoing offense. For that temporal issue. Yes, Judge Seiler, I think not only the Fowler, well, they don't, none of them talk about the same day, but they do use language such as the exact moment in time. Fowler uses that language. Nance uses that language. Stulock uses that language. But for relevant conduct on other offenses, it's, you can look at it over a period of a month or two months, sometimes, right? If they're ongoing offenses, sure. Because those offenses, the commission of those offenses is an evolving, ongoing process. But the cases that deal with offenses that are engaging and completed in a snapshot, such as transmission of pornography or receipt of pornography, and that's Nance, that's Stulock, that's a bank robbery on Tuesday is not relevant to the bank robbery that happened on Monday in the same town and the same location. It's not relevant. Well, it's a different day. It's going to, that's going to be a little bit different because that will get you into, two bank robberies aren't going to group and that is going to get you into characters of a similar offense. It's, it's. There would be grouping in that hypo. In that hypo, there, there, there, there, you, you could fall down to A2. What the, the, the, the, I think the overarching fundamental issue here is, is the government ultimately wants to fall back on what, at a minimum, he possessed. And so here we get back again to the, the, the commentary, the policy decisions, the, the, the dissenting opinion in Galuba that says it just doesn't make any sense. We're trying to correct a disparity in sentencing because receipt is more akin to possession than it is to manufacturing. It seems to me, looking at four as an example, in four, the defendant was denied the two point reduction because he was carrying the videos in his car from one state to another. And he could have been, it was viewed as transporting, which was viewed as going beyond mere solicitation or receipt. And why isn't your client's conduct just like that, if not worse? Because your client was attempting to make child pornography. My client's conduct may be worse on balance, your honor, but it doesn't meet the criteria for, the problem with four, the problem with putting them in your car and driving them around is you, you get knocked out of it if the defendant did not intend to traffic in or distribute. But I thought four was held that it was the limitation section that was not satisfied. Well, I think they said that he pled guilty to, to, to, to, to this, to trafficking or transporting. No, but it said defendant in four, it says, defendant has not met the second requirement because his criminal conduct was not limited to, in italics, the receipt or solicitation of pornographic materials, but also encompassed the transportation of materials. Well, it, it, and, and I would argue that, that in that instance, the transportation of materials, whether, whether the court meant to say two or meant to say three, they say two, but it takes them outside of three as well. Yeah, but the explicit holding is that it didn't meet two. But that was a conviction. We weren't talking about relevant conduct. He pled guilty in four. There were two, there were two offenses of conviction in four. There were two offenses of conviction in four. I, I guess I'm not sure why, if the, if the judge is supposed to find things in sentencing, why does it matter whether there was a conviction or not? Because if, because you don't, you don't have to look to 1B1.3 if you have a conviction, because it, it's not just uncharged conduct. It's, it's charged and convicted. Here, we don't even have charged, let alone conviction. I, I just think that's a, a, a stark difference. You've got the offense, which disqualifies four, is not uncharged conduct for which you've got to look to 1B1.3. It's conduct to which the defendant pled guilty. Court doesn't need to rely upon 1B1.3 to, to, to determine whether you can consider that. It's a, it's an issue of can we consider the taping under 1B1.3? Not does the taping go beyond mere, mere receipt? That's the difference. Can we consider the taping? To get back to the relevant conduct proving. Yes, absolutely. Any other questions? Thank you, your red light's on. Thank you. Thank you. Thank you both for your argument. The case will be submitted.